PER CURIAM.
On the Court’s own motion, we withdraw the opinion filed February 2, 2016, and substitute the following opinion, in its place. ' .
Appellant was convicted of two counts of aggravated battery, and the jury found that Appellant actually possessed and discharged a firearm causing death or great bodily harm during the commission of each offense. We affirm Appellant’s convictions without comment, but we reverse and remand for resentencing pursuant to Williams v. State, 186 So.3d 989 (Fla.2016). At. the time of sentencing, the trial court followed then-controlling precedent from this Court, which, required the trial court to impose consecutive mandatory minimum terms under the 10-20-Life statute, During the pendency of this appeal, the Florida Supreme Court decided Williams 'and held that consecutive sentencing is permissible, but not mandatory. See id. at 993 (“If ... multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive senténcing is permissible but not mandatory. In other words, a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently.”) (citations omitted).
AFFIRMED in part; REVERSED and REMANDED in part.
ROBERTS, CJ„ ROWE and RAY, JJ., concur.,